SADLER et ux, et al. VS HOUSTON & GILLESPIE.

*As to testimony by a husband in favor of the wife.*
*As to agreements by the wife to pay a note signed by*
*her husband, out of her separate estate.*

1. The deposition of a husband, taken in a Chancery cause in which the wife is a party, is not competent as testimony, either for or against her.

2. A note signed by husband and wife, under an admission by her, that it is given for their mutual debt, and accompanied by her written undertaking to discharge it, is a proper charge, in equity, upon her separate estate, as secured by ante nuptual agreement.

3. Such note, after repeated admissions of a liability, can not be defeated in the hands of an assignee, by allegations as to a failure of consideration.

4. This Court has no authority to amend the decrees or judgments of inferior Courts, (*they being such as should have been rendered,*) by authorising their immediate execution.

In error to a decree of the Circuit Court of Morgan, exercising Chancery jurisdiction.

In this case, Houston & Gillespie, the assignees of Ann Rossell, filed their bill in Chancery, to compel the payment of a promissory note, bearing the singatures of Isaac and Mary Sadler—out of a separate estate, which Mary Sadler held, under marriage articles.

The answer of the defendants admitted, that the note had been signed by Isaac Sadler, with his own and wife's name, and that the consideration thereof was for the benefit of the wife. It, however, resist-

SADLER et ux, et al. *vs* HOUSTON & GILLESPIE.

ed a recovery—alleged the marriage articles, and a failure of consideration : averred, that the note had been given for land, which was to become a part of the trust estate ; and insisted on the allegation that the payee of the note had acted fraudulently.

In the course of the trial, it was attempted to introduce the deposition of Isaac Sadler, as evidence in the cause, but which was rejected, by the Chancellor. Some other exception was taken to the introduction of witnesses, not material, in view of the cause as decided, to be noticed.

The proof being ample, that the wife did approve the contract made by her husband, and under which the note was executed, the Chancellor rendered a decree in favor of the claim of the complainants, and ordered its satisfaction out of the trust property; appointing the clerk of the Circuit Court of Morgan county, a commissioner, to carry the decree into effect.

From this decree the defendants took a writ of error.

*M'Clung*, for the plaintiffs in error.
*S. Parsons*, contra.

COLLIER, J.—The defendants in error filed their bill in the Circuit Court of Morgan, against Sadler and wife, and Wallace, a trustee, (in an antinuptial agreement, made between the husband and wife,) praying that the separate estate of the wife might be subjected to the payment of a promissory note, made and subscribed, with the names of the

4P                27

husband and wife, payable to Ann Rossell, and by her assigned to the defendants in error.

The agreement secures to the wife all estate, both real and personal, of which she was possessed, before, or might become possessed after, coverture, and invests her with powers quite as extensive as are usually conferred by such agreements.

On the hearing, the Circuit Court disregarded the deposition of the husband, which had been taken at the instance of the plaintiffs in error, without any previous order for that purpose ; refused to reject the depositions of Bestor, Fields, and Sapps, taken, at the instance of the defendants in error, and rendered a decree in favor of the defendants in error, directing a sale of the separate estate of the wife, as asked by the bill.

The rejection of Sadler's deposition, the refusal to reject the depositions of Bestor, Fields, and Sapps, and the rendition of the decree, are the only matters assigned for error.

It is an universal rule, as applicable to civil causes, that the husband and wife can not give evidence for, or against each other. Under the influence of this rule, without making an inquiry into the extent of his interest, the deposition of Isaac Sadler was properly disregarded by the Court.

Without inquiring whether the depositions of Bestor, Fields, and Sapps, should be excluded, so far as they speak of a written authority to the husband, to sign the name of the wife to the note : the admission by the wife, that the note was the note of her husband and herself, and that it was to be paid from her

separate estate, is an adoption of the signature made by the husband for her, and is as effectual for all purposes, as if a previous authority had been given.— That the wife thus adopted it, is satisfactorily shewn by the depositions of Chapman, Peters, and Sapps, to say nothing of the circumstances of corroboration furnished by other depositions in the cause.

In regard to the correctness of the decree, the wife has expressly undertaken in writing, in conjunction with her husband, to pay the note in controversy. Upon a full review of the authorities in the case of *Forest and wife* vs *Robinson*, at this term,[*] we decided that such an engagement was a proper charge upon the separate estate. The consideration of the note in question, was for the separate benefit of the wife, and redress might well have been sought in equity.  [*]Ante, 44.

The failure, or want of consideration, which the plaintiffs in error attempted to set up against the payment of the note, even if sustained by proof, could avail nothing. The repeated admission of a liability, and expression of a determination to pay it, after the defendants in error became its assignees, prevent them from denying as against its present proprietors, the sufficiency of the consideration on which the note was made.

Our attention has been called to the latter part of the decree, by the defendants' counsel, with a view to have it so corrected here, as to authorise its immediate execution—the time appointed for that purpose having expired. We have no right to cause amendments to be made in decrees and judgments of

an inferior Court, unless they are not such as "should have been rendered," but that must be left to be done by the Court below.

We are of opinion, that there is no error, and the decree is therefore affirmed.